BAKER v. GEORGI et al.

(Supreme Court, Appellate Division, First Department. November 20, 1896.)

1. FRAUDULENT CONVEYANCES—HUSBAND AND WIFE.

A conveyance to a wife by a husband in failing circumstances is not absolutely void as against creditors, but is valid as a mortgage, where the facts were that she had borrowed money for him on her property on condition that he would make the conveyance as security.

2. SAME—EVIDENCE.

The fact that a conveyance to his wife, by a husband in embarrassed circumstances, remained unrecorded for six months, and until judgments had been entered against him, is not sufficient evidence to prove it fraudulent, where it was made pursuant to a promise to secure a loan obtained on a mortgage of the wife's property, and the only evidence that it was not executed when it purported to have been was that of the commissioner before whom it had been acknowledged. Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from special term, New York county.

Action by Francis T. Baker against Sarah F. Georgi, impleaded with others, to foreclose a mortgage. From so much of the judgment as decrees that a conveyance made by defendant Otto H. Georgi to defendant Sarah F. Georgi is void as to the grantor's creditors, and also from so much of the judgment as decrees that certain lands of Sarah F. Georgi are primarily liable to be sold in satisfaction of plaintiff's mortgage, said Sarah F. Georgi appeals. Modified.

The action was brought for the foreclosure of a mortgage on property fronting on the westerly side of 3d avenue, in the city of New York, and south on 163d street.

The most southerly portion of the premises, having a frontage of about 72 feet, was owned by the defendant Otto .H. Georgi prior to July 16, 1890. On January 6, 1891, there was recorded a deed of the premises by said Georgi to his wife, the appellant Sarah F. Georgi; said conveyance being dated July 16, 1890, and the acknowledgment clause reciting that it was acknowledged on this day. This portion of the mortgaged premises is spoken of as the "appellant's second parcel." After the commencement of the action, it was referred to a referee to hear and determine all the issues arising between the parties. He decided this conveyance to be void as against certain defendants, judgment creditors of Otto H. Georgi, and the other creditors of said Georgi; that the liens and rights of said defendants were not impaired or affected by said conveyance; and that they were entitled to be paid in full out of the proceeds of sale before the appellant received anything. From this part of the judgment entered upon the referee's report, the defendant Sarah F. Georgi appeals.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John Aitken, for appellant.

T. M. Tyng, for respondents the receiver and judgment creditors of Otto H. Georgi.

Edward Russell, for respondents Lisette Georgi and Emma Georgi.

BARRETT, J. The only branch of the appeal which we need consider is that relating to the validity of the conveyance of the appellant's second parcel. That portion of the judgment relating to the order of sale of the different parcels seems to have been acquiesced in by the appellant, since no ground of error with regard to it has been raised on the argument, or presented in her brief.

The judgment below decides the conveyance of July 16, 1890, to be absolutely void as against the creditors of Otto H. Georgi. There are certain undisputed facts bearing upon that conclusion which should be noted. It is, for instance, undisputed that the appellant on July 15, 1890, mortgaged property belonging to her for $6,000, and lent the money to her husband. The appellant and her husband testify, without contradiction, that she declined to let him have the money unless he gave her a deed of this second parcel, and that the loan was made upon his promise to do so. At the time the loan was made, there were two mortgages on the property. The first was the plaintiff's, for $4,000. It covered other property than the second parcel, but that parcel was nearly 70 per cent. of the whole. The second mortgage was one for $25,000, given to indemnify one Hupfel against liability as surety upon a bond of Otto H. Georgi's. It ultimately transpired that Hupfel was not held liable, and thus the mortgage did not, in the end, detract from the value of the equity. This, however, was not known until November 29, 1890. Upon the other hand, Murphy, the commissioner who took the acknowledgment, and upon whose testimony the case for the respondents mainly rests, testified that the deed was not executed until the early part of December. He is contradicted, however, by Georgi, who says that the execution was only a week or two after the date of the deed. Georgi seems to be a much more trustworthy witness than Murphy. Upon Mur-

phy's own showing as to his position and conduct in the matter, but little reliance can be placed upon his testimony. We should thus have great difficulty in affirming the judgment, and finding that the conveyance was fraudulent, even if it were necessary to award the whole of the proceeds of sale either to the creditors, on the one hand, or the appellant, on the other. We do not think, however, that the agreement of the appellant was to purchase the second parcel outright for the sum of $6,000. The appellant simply testifies:

"I mortgaged that lot for $6,000, with the understanding that he was to deed me the remaining land."

Georgi says:

"I was very short of money in July, 1890. I tried to raise money then, but couldn't get any. I asked her, would she mortgage that lot I had conveyed to her,—I could get the money from Mr. Hupfel on it,—and she said, 'Yes,' if I would give her a deed for the balance of the property that Mr. Hupfel was holding that indemnity bond against. She did not care to let me have the money without the deed. I said, 'Yes,' and so she mortgaged that lot for $6,000. I received the money paid on that mortgage, and used it in paying for material and labor on the contract at New Rochelle."

It seems quite plain from the foregoing, which is substantially all the testimony on the point, that the conveyance was given as security merely. The sole occasion and cause of the deed was Georgi's need of a loan. The appellant's unwillingness at first was the natural unwillingness of one person to lend money to another when there is any doubt about the latter's ability to repay. The promise of the deed solved this difficulty, and the loan was thereupon made. The idea of a transfer seems never to have before occurred to either husband or wife, and, when the arrangement therefor is considered in connection with the need which gave rise to and the circumstances which attended it, there can be no doubt that it was intended as security. A sale implies a balancing of the value of the property, on the one hand, and the consideration, on the other. Nothing of the kind appears here. The promise to give the appellant a deed was made at a time when it was not even known how much she was to lend. She did not have the money in hand, but was obliged to raise it by mortgage on other property belonging to her. She got $6,000, but there is nothing to show that this was the sum agreed upon. On the contrary, it appears that Georgi was anxious for as much money as he could get, and that the appellant was willing to lend him all she could raise on her other property. Real estate is not usually conveyed by one party to another for such an indefinite consideration as this. What Georgi obtained was a loan, and what he gave was security for it. There is no fact in the case from which it can be reasonably inferred that the deed was given in payment of the loan. Where it appears that an agreement to convey real property is occasioned solely by the solicitation of a loan by the grantor, and there are no facts showing that the essential nature of the transaction was afterwards altered from that of a loan, but, on the other hand, circumstances tending to show the con-

trary, the presumption is that the conveyance was intended as security merely, and it will be held to be a mortgage.

The result reached is not affected by the form of the appellant's answer. In her pleading she simply sets out the fact of the conveyance to her, and claims, as a legal consequence, to be entitled to the whole of the proceeds. In stating the result believed to follow from the facts, she erred. If, however, the pleading should properly be construed as alleging ownership in fee, the evidence adduced at the trial, and not the pleading, must control. A party may, in his pleading, and often does, allege a state of things more favorable to himself than the proofs at the trial warrant. But the latter are what determine the judgment to be rendered.

We think that the undisputed evidence shows that the conveyance of July 16, 1890, was given merely as security for the loan of the appellant; and the judgment appealed from should be reversed, and a rehearing ordered, with costs to abide the event, unless the respondents the receiver and judgment creditors of Otto H. Georgi stipulate to modify the judgment so as to provide that the appellant is entitled to be paid out of the proceeds of the second parcel the sum of $6,000, and interest from July 15, 1890, next after the payment of the plaintiff's mortgage, and the necessary expenses of foreclosure charged by the judgment against this parcel. In case this stipulation is given within 10 days, the judgment as thus modified will be affirmed, with costs to the parties represented upon this appeal, payable out of the property.

O'BRIEN and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. This action was brought to foreclose a mortgage of $4,000 upon certain real property upon the westerly side of 3d avenue, between 162d and 163d streets, in the city of New York. The plot covered by the mortgage had a frontage of 109 feet on the westerly side of 3d avenue. Of this frontage, the most northerly 12 feet was owned by the infant defendant Lisette Georgi, in which 12 feet her mother, the defendant Emma Georgi, had a vested dower interest. The adjoining 25 feet had been conveyed to the appellant by deed dated June 24, 1889, executed by her husband, the defendant Otto H. Georgi, and recorded November 27, 1889; and the remaining 72 feet of said frontage had been conveyed to appellant, by her said husband, by deed dated July 16, 1890, recorded January 6, 1891. Various parties were made defendants, as judgment creditors of said Otto H. Georgi, many of whose judgments were entered prior to the 6th of January, 1891, the date of the record of the deed last above mentioned, but subsequent to the date of the deed July 16, 1890. The defendant Sarah F. Georgi, by her answer, claimed ownership of the land conveyed to her by her husband; stating an alleged consideration for the conveyance, and asking affirmative relief against her co-defendants, that her title thereto be judicially established against all claims of her co-defendants, and also asking that the mortgage debt be apportioned, as between the several owners of the mortgaged prop-

erty, and that she be allowed to redeem upon payment pro rata of the mortgage debt. This answer was served upon all of her co-defendants, as well as upon the plaintiff, and the court ordered a reference to hear and determine all the issues arising in the action. Answers were put in by some of the other defendants, but were not served upon any of the co-defendants. The action being tried before a referee, the referee found that the conveyance of the first parcel mentioned by Otto H. Georgi to his wife, Sarah F. Georgi, was valid as against the creditors of Georgi, but that the conveyance second above mentioned was made and received with intent to hinder, delay, and defraud the creditors of Otto H. Georgi, and was fraudulent as against them. The referee further reported that the portion of the premises conveyed to Sarah F. Georgi by deed dated July 16, 1890, should be first sold, under the judgment of foreclosure and sale, to pay the plaintiff's debt, and the claims of the judgment creditors of Otto H. Georgi, and that, if the sale of this parcel was insufficient to pay the amount of the mortgage debt, then that the second parcel should be sold, and, if the sale of the two parcels should not produce sufficient to pay the mortgage debt of the plaintiff, with interest, then that the portion belonging to the defendant Lisette Georgi should be sold, and that, if the sale of the three parcels should not be sufficient, then that the balance of the mortgaged premises should be sold. A decree was entered directing a sale of certain of the premises, and adjudging the conveyance of the premises described in the deed of 16th July, 1890, to be fraudulent and void as against the creditors of Otto H. Georgi. And from so much of the judgment as determines that the lands conveyed to appellant are primarily liable for the payment of the mortgage debt, without contribution by the owners of the other mortgaged premises, and from that part of the judgment which adjudges that the deed of July 16, 1890, from Otto H. Georgi to the appellant, was made with fraudulent intent, this appeal is taken.

The appellant's counsel neither upon the argument nor in his brief points out any ground upon which he claims that the determination of the judgment that the lands conveyed to the appellant are primarily liable in payment of the entire mortgage debt is erroneous; and as the principle of the inverse order of alienation has been applied, which is well recognized, there seems to be no ground for interference with the decree in this respect. He, however, insists that the evidence before the referee did not justify him in coming to the conclusion that the deed of July 16, 1890, was fraudulent and void as against the creditors of Georgi; that a full and adequate consideration was paid by Mrs. Georgi for the premises in question; and that the mere fact that the deed was not recorded until after the entry of the judgments did not justify any conclusion that it was fraudulently withheld from the record. In respect to the question of consideration, that depends entirely upon the question as to how much of an incumbrance the mortgage of $25,000 given to secure the surety of Otto H. Georgi upon his contract could be considered to be. As it turned out, nothing what-

ever became due upon this mortgage and premises, which the evidence shows were worth about $25,000 when conveyed to Mrs. Georgi for less than one-half their value. It is true that this mortgage was outstanding, but the liability upon it had not been liquidated. It was not certain that there would be any liability upon it at all; it was not expected that there would be; and there seems to have been an inadequacy of consideration. That this conveyance was made by Otto H. Georgi for the purpose of placing this property out of the reach of his creditors cannot be disputed, upon the evidence, and the only question is whether his wife is to be considered a bona fide purchaser for a valuable consideration. The evidence in regard to the execution of this deed seems to justify the conclusion of the referee that it was not acknowledged until early in December, instead of on 16th of July, as the certificate states, or in August, as claimed by the defendant Otto H. Georgi. The circumstances testified to by the witness Murphy and the witness Mohr, and the reasons given by the witness Murphy for being positive that it was certainly after September, show clearly that there is good foundation for the contention that this conveyance was executed in view of the judgments which were about being obtained against the grantor, Georgi. It appears that on the 29th of November the indemnity mortgage of $25,000 was gotten out of the way, and that a short time thereafter the conveyance was made, executed, and delivered. It is undoubtedly true that the action of Murphy, the commissioner of deeds, in certifying that this mortgage was acknowledged in July, when it was taken in December, shows a gross violation of his duty, and the commission of an offense against the law, and naturally causes a court of justice to look at his testimony with considerable suspicion. But, when the testimony of a witness of this character bears internal evidence of verity, it must be received, though not corroborated. But in the case at bar it seems to be singularly well corroborated by the evidence of the witness Mohr. The excuse given by Mrs. Georgi for failure to record this deed for six months after its execution—that she had not the money to pay for the recording of the same, and that she only had it recorded when she found that judgments were being entered against her husband—does not seem worthy of credence. The deed was given to her as an afterthought, in view of the embarrassed circumstances in which her husband found himself after the settlement of November 29, 1890, and not in pursuance of any agreement made at the time the $6,000 loan was made. It is true that the deed might have been given in payment of that debt. But it would not make Mrs. Georgi a bona fide holder for a valuable consideration, because it is well settled that that means a present consideration.

Under all the circumstances of the case, we see no reason for interfering with the conclusion of the referee in respect to this matter, and are of opinion that the judgment should be affirmed, with costs, as against the appellant.

RUMSEY, J., concurs.